IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EARL MAYFIELD,

    Plaintiff,

v.                                                                             No. 19-cv-948-KWR-SMV

PRESBYTERIAN HOSPITAL, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motions to Dismiss for Failure to State a Claim (Docs. 8 and 9). Defendants Albuquerque Police Department (APD), Bernalillo County Sheriff (BCS), and Metropolitan Detention Center (MDC) seek dismissal of Plaintiff Earl Mayfield's claims under 42 U.S.C. § 1983 and New Mexico law. Mayfield nearly concedes the federal claims are barred but asks the Court to remand the state claims. After reviewing the record and applicable law, the Court will dismiss all federal claims and grant the request for a remand.

## BACKGROUND

This case arises from Mayfield's arrest and detention in May of 2016. The procedural history is complex, as the issues have been raised in a prior federal § 1983 action, the Tenth Circuit, and New Mexico's Second Judicial District Court (State Court). Mayfield filed the first suit in Federal Court on March 31, 2017. *See Mayfield v. Presbyterian Hospital Administration,* 17-cv-398 MCA-LAM. The opening pleading is part of the record in this case and will be referred to as the "2017 Complaint." (Doc. 2-1 at 16-29). The 2017 Complaint alleged that on May 4, 2016, a state judge remanded Mayfield to pretrial custody for a "60 day evaluation." *Id.* at 20. When Mayfield arrived at MDC, he started to experience chest pains and stiffness in his leg. *Id.* at 20.

Several unidentified BCS officers allegedly believed Mayfield was "faking it." *Id.* It appears they believed he was holding drugs, had ingested drug-filled balloons, or was also somehow suffering from side effects of drugs. *Id.* Paramedics arrived and administered intravenous medication, which caused diarrhea and dehydration. *Id.* The officers kept asking Mayfield to "give them the drugs," while Mayfield insisted he had none. *Id.*

The 2017 Complaint further alleged that hospital providers handcuffed Mayfield to the bed, continued to administer damaging medications, and pressured him to consent to a search by law enforcement. *Id.* at 20-24. Mayfield believes he was "raped and drugged by [hospital] administration[,] … emergency staff[,] … BCS and all other present that day." *Id.* at 25. Based on these facts, the 2017 complaint alleged violations of Mayfield's rights under the U.S. Constitution, Health Insurance Portability and Accountability Act ("HIPAA"), the Americans with Disabilities Act ("ADA"), and New Mexico law. The 2017 Complaint raised claims against Presbyterian Hospital, BSC, MDC, Albuquerque Ambulance, and several John Doe defendants. The Court (Hon. M. Christina Armijo) dismissed the federal claims with prejudice for failure to state a cognizable claim and declined to exercise supplemental jurisdiction over the state claims. The Judgment dismissed the state claims without prejudice to refiling in the State Court.

Mayfield appeal to the Tenth Circuit, which reversed a portion of the ruling in 2019. The Tenth Circuit affirmed the dismissal of Mayfield's federal claims based on his hospitalization. *See Mayfield v. Presbyterian Hosp. Admin.,* 772 Fed. App'x 680, 687 (10th Cir. 2019). However, the Tenth Circuit reversed the dismissal of Mayfield's allegations that MDC deprived him of food for several days after he returned to jail. *Id.* The matter was remanded to the District Court to consider whether those allegations state a viable conditions of confinement claim. *Id.* at 688.

2

Because the dismissal of Mayfield's state claims was predicated on the theory that no federal claims remained, the Tenth Circuit also directed the Court to reevaluate supplemental jurisdiction after resolving the federal conditions-of-confinement claim. *Id.* The remanded claims are currently pending before the Hon. Judith Herrera in Case No. 17-cv-398 JCH-KRS.

It appears Mayfield understood he could proceed on his state claims but did not realize the Federal Court still had to rule on supplemental jurisdiction. On August 8, 2019, shortly after the remand, Mayfield filed a Complaint for Intentional Tort and Personal Injury (the "Instant Complaint") in State Court. (Doc. 2-1 at 9). He named three Defendants who were involved in the 2017 federal case (Presbyterian Hospital, BCS, and MDC) along with one new Defendant (APD). *Id.* APD removed the Instant Complaint to this Court on October 9, 2019, within thirty days of receipt of the opening pleading. The Instant Complaint primarily raises claims under the New Mexico Tort Claims Act (TCA), the New Mexico Constitution, and state common law. *Id.* It also appears to raise claims under the federal constitution and cites United States Supreme Court cases interpreting the Eighth Amendment and the Due Process Clause. *Id.* at 10-11. The factual allegations in the Instant Complaint only relate to the 2016 hospitalization. Mayfield contends Defendants illegally searched for drugs by administering medication to induce vomiting and diarrhea; ordered medical procedures in violations of his rights; induced delirium; and placed him in a situation where "sexually possible misconduct" could occur. *Id.* at 11-13. The Instant Complaint seeks at least $1.8 million in damages and attaches a copy of the 2016 Complaint.

Following removal, APD, BSC, MDC filed motions to dismiss all claims under Fed. R. Civ. P. 12(b)(6). (Docs. 8, 9). APD also filed a motion to strike Mayfield's unauthorized surreply, which he filed after the briefing was complete. (Docs. 14, 15). Because the surreply essentially

duplicates Mayfield's original, timely response, the Court exercises its discretion to deny the motion to strike (Doc. 15) and consider all papers on file (Docs. 8-11, 14). *See Ysais v. N.M. Judicial Standard Comm'n*, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009) (courts have discretion to consider or strike surreply pursuant to the local rules).

## STANDARDS GOVERNING DISMISSAL OF PRISONER COMPLAINTS

Fed. R. Civ. P. 12(b)(6) requires the Court to dismiss any complaint that fails to state a cognizable claim for relief. In evaluation a Rule 12(b)(6) motion, the Court to accept all well-pleaded allegations as true and view them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The complaint must set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief. *Id.* at 570. A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Where, as here, a prisoner civil rights action is removed from state court, the Court must also perform a screening function under 28 U.S.C. § 1915A. Under that section, the Court has discretion to dismiss a prisoner civil action *sua sponte* "if the complaint … is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b). In conducting the § 1915A review, the pleadings of the *pro se* prisoner "are to be construed liberally and held to

a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Courts are directed to overlook "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* However, the Court may not craft legal theories or assume the role of advocate for a *pro se* litigant. *Id.*

## DISCUSSION

APD, BSC, and MDC seek dismissal of the Instant Complaint based on several theories. They contend they are not proper defendants under 42 U.S.C. § 1983; the state law claims are time-barred; and Mayfield failed to give proper notice of his TCA claims. MDC also argues the federal claims are barred by preclusion principles. The Court will evaluate whether the federal claims are barred before deciding whether to exercise supplemental jurisdiction over any state claims.

### A. Screening the Federal Claims

The only discernable federal claims in the Instant Complaint arise under the Eighth Amendment, the Fourteenth Amendment, and the Due Process Clause. Such claims must be analyzed under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *See Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). It is well settled that a detention center such as MDC is not a "person" subject to suit under § 1983. *See McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000); *Blackburn v. Department of Corrections*, 172 F.3d 62 (10th Cir. Feb. 25, 1999) (unpublished). Similarly, "police departments such as . . . APD" and BSC "are not suable entities under § 1983, because they lack legal identities apart from the municipality." *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381, *2 (10th Cir. 1992) (unpublished) *Henry v. Albuquerque Police Dep't*, 49 Fed. App'x 272,

273 n.1 (10th Cir. 2002) (same). The Tenth Circuit has also found that Presbyterian Hospital cannot be sued under § 1983 because as a private healthcare system, it does act "under color of state law." *Mayfield v. Presbyterian Hosp. Admin.*, 772 Fed. App'x 680, 685 (10th Cir. 2019). Accordingly, none of the Defendants (MDC, APD, BSC, or Presbyterian Hospital) are liable under § 1983, and the federal claims must be dismissed.

Alternatively, the Court agrees the federal claims are barred by the doctrine of collateral estoppel, also known as issue preclusion. Federal preclusion principles applied where, as here, the prior judgment was rendered by a federal court. *See Dodge v. Cotter Corp.*, 203 F.3d 1190, 1197-98 (10th Cir.2000) ("[T]he preclusive effect given in federal court to a prior federal judgment is subject to federal law."). Collateral estoppel "bars a party from relitigating an issue once it has suffered an adverse determination on the issue." *Park Lake Res. Ltd. Liab. Co. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004). The doctrine applies when:

> (1) [T]he issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Id.* The Tenth Circuit recently suggested, in the context of res judicata, that the party resisting preclusion must establish the fourth element as a stand-alone exception. *See Johnson v. Spencer*, 950 F.3d 680, 708 (10th Cir. 2020) (quotations omitted).

The Instant Complaint raises the same issue as the prior federal case, *i.e.,* whether the entities involved in the May 4, 2016 medical emergency violated Mayfield's constitutional rights. The federal claims were dismissed on the merits, and the Tenth Circuit affirmed the dismissal. *See Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 (10th Cir. 2014) (A dismissal "for

failure to plead a viable cause of action is a decision on the merits."). And, Mayfield is the sole movant in both actions. The first three elements of collateral estoppel are therefore met.

Mayfield makes no attempt to resist preclusion or argue he lacked a full and fair opportunity to litigate his federal claims in the prior action. Instead, he appears to concede the federal claims are barred. Mayfield's response states the Federal Court "dismissed all federal claims and causes of action in his proceeding for failure to state a claim," attaches a copy of the prior Judgment, and goes on make argument about the state law claims. (Doc. 10 at 1). Mayfield reiterates the point in his surreply, noting "this Court has dismissal federal claims raised by Plaintiff with prejudice only leaving all state court claims." (Doc. 14 at 1). Accordingly, the Court finds all federal constitutional claims relating to Mayfield's medical emergency on May 4, 2016 – which are the only federal claims raised in the Instant Complaint – are barred.[1] The federal claims will be dismissed with prejudice.

### B. Supplemental Jurisdiction and State Law Claims

The only remaining matters in the Instant Complaint are Mayfield's state law claims stemming from the May 4, 2016 medical emergency. APD, BSC, and MDC ask the Court to exercise supplemental jurisdiction and dismiss all state claims with prejudice. Construed liberally, Mayfield's responses urge the Court to decline to exercise supplemental jurisdiction and remand all state claims to State Court.

Section 1367(a) of Title 28 provides that "district courts shall have supplemental jurisdiction over all … [state law] claims that are so related to claims in the action within such

---

[1] For clarity, the Instant Complaint contains no allegation that MDC deprived him of food after he returned to MDC. This ruling has no impact on that federal conditions-of-confinement claim, which is pending before Judge Herrera in Case No. 17-cv-398 JCH-KRS.

original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  A district court may decline to exercise jurisdiction when:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4).  The Tenth Circuit counsels that federal courts should generally decline to exercise supplemental jurisdiction when no federal claims remain.  *See Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997); *Brooks v. Gaenzle*, 614 F.3d 1213, 1229–30 (10th Cir. 2010).

Having determined all federal claims are barred-on-arrival, the Court will follow the general rule and decline to exercise supplemental jurisdiction over Mayfield's state law claims.  Whether to dismiss the state claims without prejudice or remand them to State Court presents a closer question.  The state claims exist in an unusual procedural posture.  Mayfield raised them in the Instant Complaint, but Judge Herrera will also decide whether to exercise supplemental jurisdiction if Mayfield has a viable conditions-of-confinement claim in Case No. 17-cv-398 JCH-KRS.  If this Court dismisses the state claims without prejudice, and Judge Herrera elects not to exercise supplement jurisdiction, that could further complicate matters regarding the statute of limitations and tolling.  For this reason, the Court determines the state claims should be remanded.  The State Court can decide whether, and what extent, to proceed before Judge Herrera rules in Case No. 17-cv-398 JCH-KRS.

Based on the foregoing, **IT IS ORDERED** that APD's Motion to Strike Surreply (**Doc. 15**) is **DENIED**; and the Motions to Dismiss for Failure to State a Claim filed by APD, BCS, and MDC (**Docs. 8, 9**) are **GRANTED, in part, and DENIED, in part**.

**IT IS FURTHER ORERED** that all federal constitutional claims raised in Earl Mayfield's Complaint for Intentional Tort and Personal Injury (**Doc. 1-1**) are **DISMISSED** with prejudice; all state law claims raised in that pleading (**Doc. 1-1**) are **REMANDED** to New Mexico's Second Judicial District Court, County of Bernalillo, Case No. D-202-CV-2019-06314.

**IT IS FINALLY ORDERED** that the Court will enter a separate judgment closing this federal case.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE